UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HUDSON SPECIALTY INSURANCE COMPANY,**

       **Plaintiff,**

v.                                      Case No: 6:17-cv-1877-Orl-41DCI

**AUDREY THORNTON, DEBORAH DENISE ST. CHARLES, LITTLE MIRACLES ACADEMY, INC., LITTLE MIRACLES ACADEMY 11, LLC, BRENDA WATTS, CHIEL EUNIQUE BANKS, BAKARI MALLICA HILL and NORBERTO KATZ,**

       **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendants Bakari Mallica Hill ("Hill") and Norberto Katz's ("Katz") Motion to Dismiss the Amended Complaint. (Doc. 72). For the reasons stated herein, the motion will be denied as moot.

This is a declaratory judgment action that is before this Court on the basis of diversity jurisdiction. Audrey Thornton ("Thornton") doing business as Little Miracles Academy II ("day care") is the named insured on a commercial general liability policy ("Policy") issued by Plaintiff. (*See generally* Policy, Doc. 65-2). On August 7, 2017, Defendant Deborah Denise St. Charles ("St. Charles"), a driver of a van that transported children from home to a day care center, picked up M. H. and other children from their homes and dropped the children off at the day care center. (*See* Amended Complaint, Doc. 65 ¶ 15). Tragically, while the other children got off the van, M. H. remained inside the van, perished, and was discovered hours later. (*Id.*).

On August 15, 2017, Katz filed a lawsuit as Personal Representative ("PR") of M. H.'s estate against Defendants Little Miracles Academy, Inc., Little Miracles Academy, 11 LLC, Thornton, and St. Charles. (*See generally* Katz Complaint, Doc. 65-4). Defendant Chiel Eunique Banks, M. H.'s mother, contested the appointment of Katz as the PR. Banks and Defendant Brenda Watts, M. H.'s legal guardian, also sent Plaintiff a letter through counsel, demanding one million dollars to resolve a claim for the wrongful death of M. H., in return for release of Little Miracles Academy. (*Id.* at ¶ 13). Thereafter, Plaintiff initiated this suit, seeking a declaration regarding whether it has a duty to defend and indemnify the defendants in the underlying suit. (*See generally* Complaint, Doc. 1).

Katz and Hill ("Movants") failed to explain to the Court what basis under the Federal Rule of Civil Procedure 12(b) they were seeking to dismiss the Amended Complaint.[1] As best the Court can tell, Movants' argue: 1) the PR is the only party that can bring a wrongful death claim, so the PR is the real party at interest; and 2) because no PR has been appointed, Movants are not the correct parties in interest.[2] However, Katz has been appointed the PR in the underlying state court matter. (Notice of Filing Order entered in State Court, Doc. 80). Therefore, the Motion to Dismiss is moot.

Accordingly, it is therefore **ORDERED** and **ADJUDGED** that:

1. Defendant's Motion to Dismiss (Doc. 72) is **DENIED as moot**.

---

[1] In the future, Defendant's counsel should be sure to assert the basis for relief sought in any motion before the Court.

[2] The Motion to Dismiss relies heavily on Florida law. However, "federal procedural law governs this federal action under the federal Declaratory Judgment Act." *Atain Specialty Ins. Co. v. Sanchez*, No. 8:17-cv-1600-T-23AEP, 2018 WL 1991937, at *2 (M.D. Fla. April 27, 2018).

**DONE** and **ORDERED** in Orlando, Florida on October 16, 2018.



Copies furnished to:

Counsel of Record